# January Term, 1905.

[No. 4520.]

## THE ANACONDA MINING CO. ET AL. v. THE TOWN OF ANACONDA.

**1. Cities and Towns—Disconnection of Territory—Statutory Construction.**

The statute providing for the disconnection of territory from cities and towns (Session Laws 1901, page 386) is, mandatory, and when the facts required by the statute to be established have been established by competent evidence, it becomes the duty of the court to disconnect the territory without regard to its views concerning the justice and equity of the matter.

**2. Same—Border of Town—Corporate Limits.**

The "border" of the city or town, as mentioned in section one of the statute providing for the disconnection of territory from cities and towns (Session Laws 1901, page 386), means the corporate limits of the city or town and not the area adjacent to that part which is in actual use for municipal purposes.

**3. Cities and Towns—Disconnection of Territory—Statutory Construction—Public Utilities.**

In order to prevent the disconnection of territory from a city or town under the act providing for the disconnection of such territory (Session Laws 1901, page 386), it is not necessary that the city or town shall have maintained "streets, lights and other public utilities," all combined and each in the plural, upon the land sought to be disconnected, but it is sufficient to prevent such disconnection if the city or town has for the period of three years exercised supervision over the territory and has in good faith maintained thereon such public improvements or utilities as in the judgment of the town authorities the public interests require, and it is not necessary that more than one street, or more than one light or other public utilities shall have been maintained, if in the judgment of the town authorities the public interests do not require more than one.

**4. Cities and Towns—Disconnection of Territory—Border of City or Town—Statutory Construction.**

A tract of land of irregular shape of an average width of about six hundred feet and an average length of about fifteen hundred feet, and which extends from the border of an incorporated town several hundred feet into the town and to the platted portion of the town, and only about one hundred and fifty feet in width of the tract touches the border, is not upon or contiguous to the border of the town within the meaning of section one of the act (Session Laws 1901, page 386) providing for the disconnection of territory upon or contiguous to the borders of cities or towns.

*Error to the County Court of Teller County: Hon. A. S. Frost, Judge.*

Messrs. POTTER & McCARTHY, for plaintiffs in error.

Mr. FRANK J. HANGS and Messrs. TEMPLE & CRUMP, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The plaintiffs in error filed their petition in the county court of Teller county, alleging that at the time of the filing of the petition they were the owners of contiguous tracts of land, aggregating more than twenty acres, within the corporate limits of the town of Anaconda; that no part of such area had ever been platted into lots and blocks; that the town of Anaconda had not maintained streets, lights and other public utilities through or adjoining said land for a period of three years; that all taxes and assessments of all kinds lawfully due upon said premises had been fully paid, and praying that the described territory be disconnected from the town of Anaconda. Upon the trial the defendants introduced a plat of the territory sought to be disconnected, and we have attached a copy thereof to this opinion.

The trial resulted in a judgment against the petitioners. The court found that the land described in the petition was owned by the petitioners, that the tracts of land were contiguous tracts aggregating twenty-three and five hundred and five thousandths acres in area within the corporate limits of the town of Anaconda, that all taxes and assessments of all kinds lawfully due upon the premises had been fully paid; that no part of the premises had been platted into lots and blocks as a part of the town of Anaconda or an addition thereto, that the town had not main-

tained streets, lights and other public utilities through or adjoining the land for a period of three years, that the said town had maintained for the period of more than six years an alley known as Paradise Alley, which had been used as a public highway and thoroughfare across and over the north end of said tract. The court also found that only a very small portion of the land in question was upon or adjacent to the border of the corporate limits of the town. The petitioners come here by writ of error and ask a reversal of the judgment.

We shall not consider the assignments of error which relate to the reception and exclusion of testimony, nor the assignments based upon the giving and refusing of instructions, because we are of opinion that the proof of petitioner did not entitle it to relief. We have held in the case of *Edgewater v. Liebhardt,* 32 Colo. 307, that the statute is mandatory, and that when the facts required by the statute to be established have been established by competent proof, that it becomes the duty of the court to disconnect the territory without regard to its views concerning justice and equity.

Sections 1, 2 and 3 of the statute under which the proceedings were brought, are as follows:

Section 1. "That whenever a tract or contiguous tracts of land aggregating twenty (20) or more acres in area are embraced within the corporate limits of any city or town, and being upon or contiguous to the border thereof, the owner or owners of said tract or tracts of land may petition the county court of the county in which such land is situated to have same disconnected from said city or town."

Sec. 2. "Such petition shall show to the court that such tract or tracts contain in the aggregate an area of twenty or more acres, upon or adjacent to the border of said city or town; and that petitioners

are the owners thereof, describing the land; that no part of such area has been duly platted into lots and blocks as a part of or addition to said city or town; that all taxes or assessments lawfully due upon said land up to the time of the presentation of said petition are fully paid."

Sec. 3. "Upon the filing of such petition in the county court, the judge thereof shall set a time for hearing, not less than forty (40) nor more than sixty (60) days thereafter; and it shall be the duty of the clerk of said court to cause a copy of such petition, and a notice of the date of the time set for such hearing, to be served upon the mayor of the city or town; and same shall be served at least thirty days prior to the hearing of such petition by the court. And upon the hearing and proof of the facts set forth in said petition, it shall be determined whether said tract or tracts of land should be disconnected from such city or town, and the court shall enter an order or decree accordingly; Provided, That whenever a city or town has maintained streets, lights and other public utilities for the period of three years through or adjoining to said tract or tracts of land, the owner shall not be entitled to the provisions of this act."—Laws of 1901, Chapter 106.

Counsel for plaintiffs in error contend that the "border" of the town as mentioned in the statute does not mean the corporate limits, but does mean the area adjacent to that part which is in actual use for municipal purposes. We do not think the statute bears any such construction. The border of a town, if we were to accept counsel's views, would be so indefinite as to be almost impossible of ascertainment; and we do not believe the legislature intended by the use of the word to describe a constantly changing and shifting line, but one definitely and positively

ascertained, and that it intended, when it made use of the word, the corporate limits of the town.

It is contended that in order to prevent the disconnection of territory from a 'city or town where, in other respects, the statute has been complied with, it must be affirmatively shown that the city or town has maintained streets, lights, and other public utilities; that such public improvements have been maintained through or adjoining the land; that such public improvements have been maintained for the period of three years, and that the maintenance of streets alone, or lights alone, or other public utilities alone, will not defeat the right of property owners to disconnect the property from the municipality; that there must have been a combination of all, and the things so maintained must, in each instance, be in the plural. We do not think the statute is susceptible of such construction. The purpose of the statute is to enable owners of an unplatted portion of a city or town to disconnect their property unless the municipality has for the period of three years exercised supervision over the territory and made public improvements upon or adjoining it; and when a municipality has in good faith exercised control of the territory and has maintained public improvements thereon, it does not seem to us that it is necessary it should maintain more than one street, or more than one light, or maintain other public utilities. If in the judgment of the town authorities the public interests require the maintenance of but one street through or adjoining the property, the territory is excluded from the operation of the statute.

The plat shows that the territory sought to be disconnected does not lie upon the border of the town or contiguous thereto. The land is of irregular shape and extends from the border several hundred feet to the platted portion of the town. A portion of the

tract about one hundred and fifty feet in width touches the border. The average width of the tract is about six hundred feet, its average length about fifteen hundred feet. It comprises nearly all of two mining claims and a small portion of three others. The clear intent of the legislature was to permit persons owning property lying upon the border to disconnect from the town. The disconnection of property so lying upon the border would not be injurious; the limits of the town would be changed, but the town would not be divided. If twenty acres or more of land can be disconnected from a town where but a small portion lies upon the border, it follows that a tract can be disconnected by the simple expedient of connecting the territory with the border by a narrow strip. This the legislature did not intend should be done. It is held in *Denver v. Coulehan*, 20 Colo. 471, that the legislature does not have the power to extend or enlarge the territorial limits of a specially chartered town or city by adding thereto non-contiguous lands—that is, lands entirely separated from the municipality by intervening territory. In the course of the opinion, Mr. Justice Elliott said: "From careful investigation and consideration it is evident that it never was contemplated by the law that the territorial limits of a town or city might include distinct, disjointed fragments or parcels of land, situate miles and miles distant from each other, and separated from the city proper by intervening territory. It is not to be understood from this that a city may not be formed from territory lying on different sides of a natural stream. Nor must anything in this opinion be construed as intimating that non-contiguous territory may be added to a city by connecting the same by a narrow street or alley."

Although the case cited announces the principles which govern when territory is sought to be annexed,

the same principle applies when territory is sought to be disconnected from a city or town, and the legislature, with this decision before it, could not have contemplated the disconnection of territory situated with reference to the corporate limits as the land in this action is situated with reference to the corporate limits of Anaconda.

The judgment is affirmed.

*Affirmed.*