[No. 4529.]

THE TOWN OF FRUITA V. WILLIAMS ET AL.

**Cities and Towns—Disconnection of Territory—Statutory Construction.**

The act providing for disconnection of territory from towns and cities, Session Laws 1901, page 386, applies only to unplatted lands within the corporate limits. Land laid out in blocks and lots with the streets of the city or town running through it is not the character of land contemplated by the statute.

*Error to the County Court of Mesa County:*
*Hon. Walter S. Sullivan, Judge.*

Mr. ISHAM R. HOWZE and Mr. J. B. WILSEA, for plaintiff in error.

Mr. HENRY R. RHONE and Messrs. GOUDY & TWITCHELL, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendants in error, as petitioners, filed in the county court of Mesa county their petition setting forth, among other things, that they were the owners of certain property within the limits of the town of Fruita and on the border thereof, and praying that it be disconnected from the town. The county court found for the petitioners and ordered the tracts disconnected. The case is brought here by writ of error. The tracts in question are lots numbered 58, 59, 60, 64, 65, 66 and 67 of Orchard subdivision of the town of Fruita. Lots 58, 59, 66 and 67 contain five acres each, 60, 64 and 65, ten acres each, and are shown on the accompanying plat, which is a tracing of a portion of the plat of Orchard subdivision filed with the transcript. The Orchard subdivision contains

about 500 acres and was included in the town site at the time of the incorporation. It is divided into lots and blocks of various dimensions. The streets of the town proper running east and west, and each alternate street running north and south, are laid out through the subdivision.

"A block in a city is a part of the city inclosed by streets, whether occupied by buildings or composed of vacant lots."—4 American and English Enc., 2nd ed., 582.

"The ordinary meaning of the term 'lot,' when used with reference to town or city property, is a subdivision of a block according to the map or survey of such town or city."—19 American and English Enc., 2nd ed., 586.

Section 2 of the act of 1901, found at page 386 of the Session Laws of 1901, under which the proceeding is brought, provides that: "Such petition shall show to the court that such tract or tracts of land contain in the aggregate an area of twenty or more acres, upon or adjacent to the border of said city or town; and that petitioners are the owners thereof, describing the land; that no part of such area has been duly platted into lots and blocks as a part of or addition to said city or town;  *  *  *."

The legislature intended, it seems to us, to limit the right to disconnect property from the cities and towns of the state to the owners of the unplatted land within the corporate limits. Adopting the definition of lots and blocks as given herein, it appears that the land sought to be disconnected comes within the limitation prescribed by the legislature. The property sought to be disconnected, being platted into lots and blocks, is not of the character the legislature contemplated should be disconnected by the decree of the county court. The judgment is therefore reversed.                                     *Reversed.*