[No. 8146.]

TOWN OF KERSEY V. EWING.

*Municipal Corporations—Disconnecting Territory.* Petition to disconnect certain lands of petitioner contained within the limits of the town. More than three years prior to the filing of the petition, a portion of one of the streets upon which the lands abutted, was graded, and a town ditch, ex-

tending for two blocks or more along this street, where the lands abutted, had been cleaned, twice in each of the four preceding years; and both this and another street, upon which the land abutted, had been worked, leveled, and cleaned from time to time for more than three years. *Held* that under Rev. Stat. sec. 6735 the petition must be denied.

*Error to Weld County Court.* HON. HERBERT M. BAKER, Judge.

Mr. JOSEPH C. EWING, for plaintiff in error.

Mr. CHARLES D. TODD, for defendant in error.

BAILEY, J., delivered the opinion of the court.

On February 14th, 1913, James L. Ewing filed petition in the county court of Weld county, for disconnection from the town of Kersey of some thirty-seven acres of land, under sections 6733-6737, R. S. 1908. The answer of the town alleged, as a special defense, the maintenance of streets, avenues, ditches and other public utilities upon, through and adjoining the land in question, for a period of more than three years prior to the filing of the petition herein, which would, if true, defeat the application under the statute. When petitioner rested his case a motion for nonsuit was interposed and overruled. The court found the issues in favor of petitioner, overruled a motion for a new trial, and entered a decree disconnecting the territory as prayed. The town prosecutes error.

The record shows that petitioner is the owner of about thirty-seven acres of land embraced within the corporate limits of the town of Kersey, and contiguous to the border thereof, bounded on the north by Sterling street, on the west by Fifth street, on the south by a railroad right of way, and on the east by other land of petitioner; that the corporate area of the town is about one section, of which petitioner's land constitutes one-fourth, relatively the southeast

quarter thereof; that no part of the land which petitioner seeks to have disconnected has been platted into lots and blocks as a part of or addition to the town, but that all other land within the corporate limits is platted into lots, blocks, streets and alleys; also that all taxes and assessments lawfully due on the land at the time of presentation of the petition were fully paid.

The question is whether the judgment is contrary to the proofs. It is suggested that the findings of fact were upon conflicting testimony and should not, under well settled rules, be disturbed. We recognize the rule, but it has no application here. The statute, section 6735, *supra,* provides:

"That whenever a city or town has maintained streets, lights and other public utilities for the period of three years through or adjoining to said tract or tracts of land the owners shall not be entitled to the provisions of this act."

The testimony offered on behalf of respondent shows that a portion of Sterling street was graded in 1909, and that both Fifth and Sterling streets had been worked and leveled, and cleaned of weeds, rubbish and snow, to a considerable extent from time to time for more than three years prior to these proceedings; that there was a town ditch running along the northern side of Sterling street for two blocks or more, east from its intersection with Fifth street, twenty-five or thirty feet from the fence of petitioner, and that the same had been cleaned twice in each of the years 1909, 1910, 1911 and 1912. The testimony of the witness Arnold for the respondent, who did a great deal of the work, is especially clear and satisfactory to this effect. None of the testimony offered to support the petition, that of petitioner and his son, in any substantial sense contradicts the proofs of the respondent. No evidence was offered in rebuttal, and that given in chief goes no further than a mere conclusion, without any fact statement whatever, that neither of these streets nor the ditch had been main-

tained, the latter being referred to as only a plow furrow. Indeed, petitioner offered no testimony whatever which even tended to show the true situation. Where, as here, facts are shown which may reasonably be said to constitute maintenance of the utility within the plain meaning of the statutory provision, the extent or degree thereof is of no consequence. *Anaconda Mining Co. v. Town of Anaconda*, 33 Colo. 74, 80 Pac. 144.

It should be stated in passing that doubt is entertained whether petitioner made a sufficient affirmative showing to bring his cause within the statute and permit him to come under its benefits, a question raised by exception taken to the overruling of respondent's motion for non-suit, but since the judgment must be reversed because of the affirmative showing of the town, it would serve no useful purpose to consider or discuss the case upon this branch.

We are of opinion, upon a painstaking examination of the entire record, that the judgment is contrary to the uncontroverted testimony of the respondent in support of its defenses, and it is accordingly reversed and remanded with directions to dismiss the action.

*Judgment reversed and cause remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE WHITE concur.