[No. 8580.]

TOWN OF GYPSUM V. LUNDGREN ET AL.

MUNICIPAL CORPORATIONS—*Disconnection of Separate Tracts from Town.* The provisions of sec. 1, c. 52, of the Laws of 1913, that "contiguous tracts aggregating twenty acres  *  *  *  being upon or contiguous to the border thereof," may be disconnected, does not require that each of the separate tracts should be upon or contiguous to the border. If contiguous to each other, that one of them is upon the border brings the case within the statute. (333.)

*Error to Eagle County Court.* Hon. L. B. TAGUE, Judge.

Mr. C. W. DARROW, for plaintiff in error.

Mr. W. J. MEEHAN, for defendants in error.

Mr. Justice HILL delivered the opinion of the court.

The defendants in error petitioned for and secured a decree disconnecting from the incorporated Town of Gypsum, 29.25 acres of land belonging to them. The town's contention is that their showing was insufficient in one respect, to satisfy the requirements of chapter 52, sec.1, p. 154 Laws 1913, under which the action was brought. It is admitted that Lundgren owns fourteen and a fraction acres of this land, Thomas, seven and a fraction, and Muckey the balance, and that each has no interest in the lands of the

other.   It is also admitted that the north and east sides of the Lundgren tract border upon the exterior lines of the town and that it is in one body; that the Thomas tract is likewise in one body and adjoins the Lundgren tract on the west, but that no part of the Thomas tract adjoins the corporate limits or borders of the town.   Section 1 of the act above referred to reads:

"That whenever a tract or contiguous tracts of land aggregating twenty (20) or more acres in area are embraced within the corporate limits of any city or town, and being upon or contiguous to the border thereof, the owner or owners of said tract or tracts of land may petition the County Court of the county in which such land is situated to have same disconnected from said city or town."

The town's contention is that the grammatical construction of this section is such that the word "tract" and "tracts" found in this section are subject to the same limitation; that is, that each tract sought to be disconnected from the town must not only be contiguous to each other, but that each tract must be contiguous to the border of the town, for which reason when it was shown that the Thomas and Muckey tracts, although contiguous to the Lundgren tract, were not contiguous to the borders of the town, the petition should have been denied.   In our opinion, this section is not subject to this construction.   It allows the owners of several tracts to petition the county court together to have them disconnected as a unit.   The requirements are that they be contiguous to each other and aggregate twenty acres or more and be upon or contiguous to the border of the town. This latter requirement pertains to the twenty acres or more as a unit.   The words "tract or tracts" apply to the pieces making the aggregate of twenty acres or more in any city or town.   The words following "and being upon or contiguous to the border thereof" apply to the twenty acres or more as a unit for consideration under the petition.   The

context thus indicates. This position is strengthened when we consider section 2 which provides that "Such petition shall show to the court that such tract or tracts of land contain in the aggregate an area of twenty or more acres, upon or adjacent to the border of said city or town." We thus find in this section a recognition of the twenty acres or more as a unit which is required to be upon or adjacent to the border of the town. To hold otherwise, would be to say that this land could be disconnected if owned by one person but that it could not if owned by three. This might be a discrimination without a reason for it. Somewhat similar language was under consideration in Gilbert v. Morgan, 98 Ill. App. 281; and Oehler v. Big Stone City, 16 S. D. 86, 91 N. W. 450, where the conclusions were the same as ours.

The judgment is affirmed.

*Affirmed.*

Chief Justice GABBERT and Mr. Justice TELLER concur.