[No. 8676.]

ADAMS ET AL. v. TOWN OF GUNNISON.

1. PLEADINGS—*Waiver By Amendment.* One who, upon objection
sustained to his pleadings, amends, conforming to the views of the
court, cannot assign error to the order sustaining the objection. (115.)

2. MUNICIPAL CORPORATIONS—*Vacating Street—Labor Performed.*
Petition of landholder to vacate a street. Uncontradicted evidence of
even a slight expenditure of money in improving the street, *held*, suf-
ficient to defeat the petition. (115, 116.)

*Error to Gunnison County Court.* Hon. CLIFFORD
H. STONE, Judge.

*Department.*

Mr. J. M. McDOUGAL, for plaintiffs in error.

Mr. GEORGE HETHERINGTON, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiffs in error petitioned the County Court
of Gunnison County for an order disconnecting a tract
of 240 acres of land from the Town of Gunnison. The
court directed that the proceeding be set for hearing on
February 16th, following. On the same day, there was
issued out of the County Court a notice of the time set

for hearing, which was served, together with a copy of the petition, upon the Town of Gunnison. Thereupon the attorney for the town filed a motion to quash, upon the ground that there should be process running in the name of the People, and that the petition failed to designate any respondent to whom notice could be issued, or on whom service could be made. This motion was sustained and the petitioners were ordered to amend their petition. Amendment was made and filed by which the title was made to include the Town of Gunnison, respondent. A hearing was duly had to the court without a jury upon the amended petition and answer thereto. The court found that the Town of Gunnison had, for more than three years immediately preceding the time of the filing of the petition, maintained a street along the southern boundary of said tract of land, and denied the petition.

Plaintiffs in error urge that the court was in error in sustaining the motion to quash on the ground that the proceedings were in violation of the provisions of the Constitution, art. VI, sec. 30, which requires all process to run in the name of the People.

If this was error, the petitioners cannot rely on it now, since they waived it by amending their petition, and proceeding according to the views of the court in the matter.

It is further urged that the court erred in its fifth finding to the effect that the town had maintained a street on the boundary of the property during three years last preceding the petition; that being a condition of the city's retaining the tract within its boundaries as against the right of the petitioners to have it disconnected. On this question there was a marked conflict of evidence, and while it does not appear that the town had done very much in maintaining the street, there was testimony that some money had been expended; one witness testified to

$50.00 spent on grading the street along the tract in question, within the three years.

In *Kersey v. Ewing*, 59 Colo. 239, 149 Pac. 619, this court reversed a judgment in favor of the petition upon the ground that there was some evidence of labor expended upon the streets which was not contradicted, and said:

"Where, as here, facts are shown which may reasonably be said to constitute a maintenance of the utility within the plain meaning of the statutory provision, the extent or degree thereof is of no consequence."

We must conclude, then, that the amount of work done on this street, to which there is uncontradicted testimony, is sufficient to sustain the finding and judgment. The judgment is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice White and Mr. Justice Hill concur.