## No. 10,243.

### TOWN OF ENGLEWOOD v. JONES, ET AL.

Decided February 6, 1922.   Rehearing denied March 6, 1922.

Action to exclude lands from a town.   Decree for petitioners.

### Reversed.

### On Application for Supersedeas.

1.   MUNICIPAL CORPORATIONS—*Disconnecting Territory.*   Under the provisions of chapter 52, S. L. 1913, providing for the disconnection of outlying territory from towns and cities, where the city for more than three years had maintained a street adjoining the land sought to be disconnected and lights upon the street, a petition for disconnection should not be granted.

> It was immaterial that the lights were upon the opposite side of the street from the land; that the street was at one time a county road, and that the amount of work done upon it by the city was small.

2.   *Street Lights—Purpose.*   The purpose of street lights is to light the streets for travel, and not adjoining lands.

3.   *Street Lights—Maintenance.*   The furnishing of street lighting by an independent company under contract with a city, construed to be a maintenance of such lighting by the city under the provisions of chapter 52, S. L. 1913.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Mr. R. H. BLACKMAN, Mr. SAMUEL CHUTKOW, for plaintiff in error.

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JACOB C. JONES and others brought suit in the county court of Arapahoe county under chapter 52 of the Session Laws of 1913, to disconnect certain of their lands from the City of Englewood, and obtained a decree. The city now asks for a supersedeas.

The statute provides that land may be disconnected from a municipal corporation upon petition to the court showing certain facts particularly set out in the statute, and § 3 of the Act provides:

" * * * And upon the hearing and proof of the facts set forth in said petition, it shall be determined whether said tract or tracts of land should be disconnected from such city or town, and the court shall enter an order or decree accordingly. Provided, that whenever a city or town has maintained streets, lights and other public utilities for the period of three years through or adjoining to said tract or tracts of land the owners shall not be entitled to the provisions of this act."

Adjoining the land in question and on the south is a street, known as Hampden Avenue, which was a county road before the incorporation of the city about thirty years ago, and has been maintained by the city ever since such incorporation. Considerable work, such as scraping and gravelling, has been done on the street at the expense of the city during that time; street lights have been maintained thereon by the city, and, upon one portion, not, however, adjoining this property, considerable change in the location of the street was made and a bridge built. The city claims that these works are sufficient, under the provisions above quoted, to prevent the disconnection of the land. In this we think the city is right.

There is much doubt under the terms of said chapter 52, what considerations would be sufficient to justify the court in denying the petition, whether matters of equity or expediency are to be considered, or whether, upon proof of the facts required to be stated in the petition, the court is bound to grant the prayer unless the matters mentioned in the above proviso are made to appear. But it is not

necessary for us to consider these matters. It is clear that the city for more than three years has maintained a street and lights adjoining the tract in question. The street adjoins the land and nothing but an imaginary line separates it. The lights are on this street; therefore they also adjoin the land.

It is claimed that since the lights were on the side of the street opposite the land they were not adjoining the land; but we think that is not a fair interpretation of the word. The principal purpose of the street lights is to aid travelers on the street; if they are not on both sides it matters little which side of the street they are on; they improve the street for traveling purposes to the benefit of all travelers including dwellers on the street and they thereby enhance the value of the land. The amount of work done on the street is claimed to be very small, but that is not important; the street has been maintained.

It is claimed, under *Morrison v. Town of Lafayette,* 67 Colo. 220, 184 Pac. 301, that because the street was originally a county road the provisos of the section 3 do not apply. The court below seems to have proceeded upon that theory. That case does not support the judgment here, if we mention only the difference of the maintenance of lights in this case and none in that.

It is claimed that the lights are not beneficial to the land because they do not shed light enough nor throw it far enough to light the land itself. As we said before, that is not the purpose of street lights. They are to light travel.

It is said that the city does not maintain these lights because it has entered into a contract with a light company and pays it a yearly sum to maintain them. Clearly if the city pays for the maintenance it is maintaining them.

The judgment should be reversed and the cause remanded with directions to enter judgment for the respondents.

Mr. Justice Teller sitting for Mr. Chief Justice Scott and Mr. Justice Allen concur.