## No. 11,518.

### BURTON v. TOWN OF SHERIDAN.

Decided December 20, 1926.

Action to have land disconnected from an incorporated town. Judgment of dismissal.

*Reversed.*

1. STATUTES—*Re-enactment—Repeal.* A statute, complete in itself, although containing no repealing clause, repeals an earlier act covering the same subject, for which the later act is substituted.

2. WORDS AND PHRASES—*"Special Improvements."* "Special improvements" as used in section 3, chapter 170, S. L. '25, is limited to such improvements as are generally paid for by special assessments, or those which confer special benefit upon the property affected.

3. MUNICIPAL CORPORATIONS—*Disconnecting Territory—Special Improvements.* In an action for disconnecting land from an incorporated town, improvements on a highway in the nature of culverts, a bridge and a slight alteration in the course of the street, are not "special improvements," as that phrase is used in section 3, chapter 170, S. L. '25.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Mr. Joel E. STONE, Mr. JOSEPH A. BIGLIN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience we refer to them as plaintiff and defendant.

Plaintiff brought this action to have approximately 160 acres of his farm land disconnected from the town of Sheridan. Trial to the court resulted in a judgment of dismissal at plaintiff's costs, to review which he brings error.

Chapter 52, L. 1913, p. 154, provides for the disconnection from towns or cities of unplatted tracts of 20 acres or more, "Provided, that whenever a city or town has maintained streets, lights and other public utilities for the period of three years through or adjoining to said tract or tracts of land the owners shall not be entitled to the provisions of this act." Sec. 3 Id. p. 155.

Chapter 170, L. 1925, p. 508, covers the same subject, but by title, and section 7 of the act is expressly limited to "incorporated towns only." This statute contains no repealing clause, but being complete in itself, and limited as above, the legislative intent to repeal the act of 1913, so far as it related to incorporated towns, and substitute the later act therefor, is perfectly apparent. The present action being for the disconnection of farm land from an incorporated town is therefore governed by the act of 1925. Section 3 thereof contains the following: "Pro-

vided that, whenever an incorporated town has *improved* any of the *highways* passing through or adjoining said tract or tracts of land, by the *construction and maintenance by said town of any special improvements* along, under or over the same, for a period of more than two years prior to the presentation of the petition, the petitioners shall not be entitled to the provisions of this act.''

Hence the sole question for our consideration here is, Had the town of Sheridan for a period of more than two years prior to the presentation of this petition improved any such highways by the construction and maintenance of such special improvements?

The only improvements, if any, whose construction and maintenance defeat plaintiff's action are three culverts, one bridge, and a slight alteration in the course of a street or highway. The record does not show that said alteration was made by the town, hence, if otherwise within the terms of the statute, it must be disregarded. The culverts in question were built on public streets or highways, over certain of plaintiff's irrigation ditches which crossed the same. By no interpretation of the evidence can they be considered as built for plaintiff's benefit. They were for the benefit of the public traveling over the highways and both the culverts and the ditches existed prior to the incorporation of the town of Sheridan. Having broken down they were reconstructed by the town by substituting corrugated iron pipe for the original wooden structures. The bridge in question was one over the Platte river at the southern line of the town of Sheridan. It was also in existence at the time of the incorporation of the town and had thereafter fallen into such bad repair as to be impassable and was consequently repaired and partially reconstructed by the town. Both bridge and culverts were originally county improvements and must have been kept in repair by the county for the safety of the traveling public had there been no municipality. Whether plaintiff was precluded by this action

of the town of Sheridan from disconnecting his agricultural land depends upon whether those improvements above mentioned were "special improvements" within the meaning of the act of 1925. Since the proviso of the act of 1913 has been interpreted to mean general improvements the "special improvements" mentioned in the act of 1925 must be distinguished from such general improvements as were covered by the prior statute.

The authorities throw little light upon the interpretation of the words "special improvements" as here used, but we think the legislative intent is reasonably clear. In our opinion "special improvements," as here used, is limited to such improvements as are generally paid for by special assessments or those which confer a special benefit upon the property sought to be disconnected. The improvements here under consideration do not fall within either of these classes. They are in no sense special as they relate to Burton's property. They are improvements of the public highway for the benefit of the public and such as are generally constructed and maintained (and were constructed and maintained) at public expense.

We see no escape from this conclusion. It therefore follows that the judgment of dismissal was erroneous. It is accordingly reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff.

MR. JUSTICE BURKE sitting as chief justice. MR. CHIEF JUSTICE ALLEN, MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS not participating.