## No. 13,310.

WEAVER ET AL. *v.* TOWN OF LITTLETON.

(38 P. [2d] 774)

Decided November 26, 1934.

Mr. FLOR ASHBAUGH, Mr. HORATIO S. RAMSEY, for plaintiffs in error.

Mr. R. H. BLACKMAN, Mr. CLARENCE L. IRELAND, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. For convenience we refer to them as plaintiffs and the town respectively.

Plaintiffs sought to disconnect certain lands from the town. At the close of their evidence the town moved to

dismiss for failure of proof. Ruling was reserved and the town offered evidence which was stricken on plaintiffs' motion. Thereupon the town's motion to dismiss was sustained and judgment entered accordingly. To review that judgment plaintiffs prosecute this writ.

This action was brought under chapter 170, page 508, Session Laws 1925, which provides for disconnection only when "no part of such area has been platted into lots *or* blocks as a part of or an addition to said town." The land involved is described in the complaint as blocks 48, 49, 50, 51 and 52 and the south 200 feet of block 53, and a strip 60 by 630 feet lying between blocks 49 and 50, all in Windermere-Gallup's Suburban Home Subdivision Resub First Addition (hereinafter referred to as Gallup's addition) "as is more fully described by the map or plat thereof now on file and of record in the office of the Clerk and Recorder of Arapahoe County. Said map or plat duly recorded in Book 1A at Page 23, Plat Book, all of said land situate, lying and being within the border of the Town of Littleton and Arapahoe County, Colorado." Thereafter it was alleged "that no part of such area has been platted into Blocks as a part of or addition to said Town of Littleton." It was for failure to prove this last quoted allegation that the cause was dismissed.

The plat referred to was offered in evidence. It shows a division of the tract into blocks surrounded and intersected by streets which are declared dedicated to the public. In dismissing the action the court cited, and the town here relies upon, *Town of Fruita v. Williams,* 33 Colo. 157, 80 Pac. 132, wherein we said: "The legislature intended, it seems to us, to limit the right to disconnect property from the cities and towns of the state to the owners of the unplatted land within the corporate limits. Adopting the definition of lots and blocks as given herein, it appears that the land sought to be disconnected comes within the limitation prescribed by the legislature." The statute there applicable was section

2, chapter 106, page 386, Session Laws 1901, which provides for disconnection only when "no part of such area has been duly platted into lots and blocks as a part of or addition to said city or town." That authority is clearly in point and determinative of this case.

Plaintiffs cite and rely upon *Burton v. Town of Sheridan*, 80 Colo. 361, 251 Pac. 725. The sole issue there, however, and the sole question decided, related to a different set of facts and a different provision of the statute.

■ Plaintiffs also contend that the quoted portion of the statute is not here applicable because Gallup's Addition was platted two years prior to the incorporation of the Town of Littleton. But Gallup's Addition was included in the incorporation as platted and has since been so described in transfers. That its streets are not continuances of other streets in the town and that some of them have not been used or improved by the town seems to us wholly immaterial.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.