No. 15,006.

COUNCE ET AL. *v.* TOWN OF JULESBURG.
(116 P. [2d] 917)

Decided August 18, 1941.

Mr. HOWARD S. PINE, Mr. T. E. MUNSON, for plaintiffs in error.

Mr. C. M. ROLFSON, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by plaintiffs in error, plaintiffs below, to have their farm land disconnected from the town of Julesburg, as authorized by sections 328, 329 and 330, chapter 163, '35 C.S.A., S.L. 1925, c. 170, §§1, 2 and 3. The trial court ruled in favor of the town and dismissed the petition. Reversal is sought on an application for supersedeas and all the parties join in the request that the

matter be disposed of on the application, which request we feel justified in granting.

■ The sufficiency of the petition is not questioned, but the town relies upon the following proviso in section 330, supra, for its defense: "Whenever an incorporated town has improved any of the highways passing through or adjoining said tract or tracts of land, by the construction and maintenance by said town of any special improvements along, under or over the same, for a period of more than two years prior to the presentation of the petition, the petitioners shall not be entitled to the provisions of sections 328 to 334 of this chapter."

The petition in stating a prima facie case, ipso facto, establishes that no part of the land has been platted and that all taxes and assessments have been paid. The land here involved is strictly agricultural land and borders on Ash street in the east part of town for about a block and a half, and the town bases its defense upon the improvements that have been made on Ash street. The house on the land sought to be disconnected is the only house on the east side of the street, but there are a number of houses within the platted area on the west side of the street. The town has erected poles and strung wiring for several blocks on the west side of Ash street for the purpose of lighting that street, one of the lights being on a corner opposite the land involved. All this represented an expense of several hundred dollars. A greater sum has been expended for the grading, gravelling and filling of Ash street to make it on an even grade with U. S. Highway No. 138—Ash street entering said highway at its south end. A cement walk across Ash street to the property here involved was built by the city at the request of a former owner, who stated, "There has to be a crossing across the waste ditch." A couple of culverts were also put in by the city to drain water overflowing from a waste ditch that ran across the town. These are substantially the "improvements" relied upon by the town.

Counsel for the town makes a strong and respectable effort to distinguish the situation here from that involved in *Reichelt v. Julesburg,* 90 Colo. 258, 8 P. (2d) 708, by contending that in the cases cited therein the improvements were made by the counties, whereas in this case the improvements were constructed and maintained by the town. However, this contention seems to be refuted by the statement of counsel for the town in the Reichelt case, supra, which statement is quoted from the brief in that case by counsel for plaintiffs in error here, and reads as follows: "* * * That the town for many years prior to the presentation of the petition had acquired title to, owned, opened up, graded and gravelled highways and streets passing through or adjoining said lands; that for more than two years special improvements had been constructed and maintained by the town along, over and under these highways and streets; such special improvements consist in addition to the grading and gravelling, of electric light and power lines, water mains, and waste ways and ditches to carry off surplus irrigation waters. All of which special improvements have been constructed and maintained by the town at large expense, and to the special benefit of said property, increasing its value from $15.00 to $75.00 per acre; if there was any conflict in the evidence as to these special improvements that was settled by the trial court in favor of the town."

We think the attempted distinction must fail, and that the Reichelt case is controlling. There is nothing in the record to indicate that these improvements would not have been made on Ash street, regardless of this farm land, except possibly the cross walk over the ditch, which we think is so insignificant as to be immaterial.

The judgment is reversed and the cause remanded with instructions to proceed as provided by the statute.

Mr. Chief Justice Francis E. Bouck, Mr. Justice Burke and Mr. Justice Hilliard concur.