No. 18,454.

TOWN OF CHERRY HILLS VILLAGE v. MORRISON SHAFROTH, ET AL.
(349 P. [2d] 368)

Decided February 16, 1960.

Mr. ROBERT P. DAVIDSON, for plaintiff in error.

Mr. JOHN F. SHAFROTH, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THE parties to this writ of error are here in inverse order of their appearance in the trial court. We shall refer to plaintiff as Shafroth-Hixon and to the defendant as the Village.

From a judgment permitting Shafroth-Hixon to disconnect some 21 acres of agricultural land from the Village, the latter brings the case here on writ of error.

The Village in its brief states the issue submitted for decision as:

"The only question to be decided on this appeal is whether the Shafroth-Hixon land was platted into lots or blocks as a part of or addition to the Town of Cherry Hills Village, Colorado. If it was, then the defendants in error were not entitled to a decree of disconnection and the decision of the trial court must be reversed."

The particular land sought to be disconnected is described as tracts 1, 2, 3, 16 and a part of tract 4, a part of tract 5. This land is bounded on the north by Quincy

Street and on the east by South University Boulevard. These roadways have existed for years and were not dedicated at the time of platting. The tract is not otherwise bounded by streets or avenues.

The instant case was brought pursuant to C.R.S. '53, 139-13-2 (4). C.R.S. '53, 139-18-6 should be considered in connection with the section authorizing the commencement of a disconnection action.

In *1923* the land in question, along with other lands, admittedly agricultural in nature, was divided into five acre tracts designated Cherry Hills Addition. The Village was incorporated in 1945. The plat dividing the larger acreage into five acre tracts shows no streets, avenues or alleys within the boundaries of the lands embraced in said acreage. Prior to the platting, which was evidently done for ease in conveyancing, the land was bounded by existing county roads, following section or quarter section lines. No new streets or avenues were dedicated to the public by the platting of said land. Much of the land originally platted has been sold, and the land involved in this action remains. It was included in the incorporation of the Village in 1945, and it is admittedly unimproved farm land and at all times pertinent hereto has been so.

C.R.S. '53, 139-13-1 provides:

"Petition court to disconnect from town. — Whenever a tract or two or more contiguous tracts of agricultural or farm land, aggregating twenty or more acres in area, are embraced within the corporate limits of any incorporated town, the outer boundary of which acreage is adjacent to or upon the border of said town, the owner or owners of said tract or tracts of land may petition the county court * * * to have the same disconnected from said incorporated town. * * *"

"139-13-2. Petition — contents — Said petition shall show to the court:

* * * *

"(4) That no part of such area has been platted into

lots or blocks as a part of or an addition to said town. * * *"

*Town of Fruita v. Williams,* 33 Colo. 157, 80 Pac. 132 construed a legislative enactment antecedent to the present statute; the former enactment referring to "lots and blocks" whereas the present statute refers to "lots or blocks." In that case the area sought to be disconnected, which was within the Town of Fruita, was completely surrounded by streets. In reversing the trial court and holding that the land should not be disconnected, the court relied on the following definitions of "block" and "lot":

"A block in a city is a part of the city inclosed by streets, whether occupied by buildings or composed of vacant lots." 4 American and English Enc. 2nd ed. 582.

"The ordinary meaning of the term 'lot,' when used with reference to town or city property, is a subdivision of a block according to the map or survey of such town or city" — 19 American and English Enc., 2nd ed. 586.

■ Thereafter, in *Weaver v. Littleton,* 95 Colo. 577, 38 P. (2d) 774, in construing the present enactment [C.R.S. '53, 139-13-2 (4),] this Court adopted the definitions set forth in the Fruita case, supra, and held that land is platted into lots or blocks when said land is divided into tracts which are surrounded and intersected by streets which have been declared dedicated to the public. See, also, *Balanced Rock Scenic Attractions, Inc. v. Town of Manitou,* 38 F. (2d) 28.

Other jurisdictions have construed similar enactments in like manner. *Gilbert v. Morgan, et al.* 98 Ill. App. 281; *Waring v. Town of South Sioux Falls,* 72 S.D. 215, 31 N.W. (2d) 766.

■ This land was platted long before the town of Cherry Hills Village was incorporated and is not divided into parcels surrounded and intersected by streets dedicated to the public by the platting. The land has not been platted into "lots or blocks" within the meaning of

576

the statute and the trial court did not err in ordering disconnection.

Hence the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DOYLE concur.