369 P.2d 286

**In the Matter of the Disconnection of Part of the Territory of WEST JORDAN, INC.**

**No. 9501.**

Supreme Court of Utah.

March 5, 1962.

Robert B. Hansen, Edwin B. Cannon, Salt Lake City, for appellant.

Davis & Bayles, Salt Lake City, for respondent.

CALLISTER, Justice.

Petition by certain property owners to disconnect their property from the incorporated town of West Jordan. The lower court, upon the ground that it lacked juris-

diction, dismissed the petition and petitioners appeal.

The petition was filed pursuant to the provisions of Section 10–4–1, U.C.A. which provides that:

"Whenever a majority of the real property owners in *territory within and lying upon the borders* of any incorporated city or town shall file * * a petition praying that such territory be disconnected therefrom * * * [the] issue shall be joined and the cause tried * * *. The proper authorities of such city or town, or any person interested in the subject matter of said petition, may appear and contest the granting of the same." (Emphasis added.)

The trial court found, among other things, "that the property seeking disconnection does not lie 'within and upon the borders' of the town as required by" the statute and concluded that it did not, therefore, have jurisdiction.

The area sought to be disconnected is within the corporate limits of West Jordan and is comprised of several, individually-owned, tracts. Approximately one-half mile of the southern portion of this area lies upon and is contiguous with the south boundary of the town. The area extends north into the town for approximately one and one-half miles, and is about one mile wide at its north end. Three of the individually-owned tracts lie upon the south boundary of the town. The remaining tracts, though not having a common boundary with the town limits, are contiguous, one with another.

Respondent town argues that the trial court's finding is justified because our statute requires that each individually-owned tract, within the area seeking disconnection, lie upon the border of the town. Respondent further contends that unless this requirement is met, the court is without jurisdiction to consider whether a severance of the area would be just and equitable. In support of this contention respondent cites decisions from the Colorado Supreme Court holding that where only a relatively small portion of the area touches upon the border of the town, the area is not "upon or adjacent to the border" as is required by the statute.[1] It is interesting to note that this conclusion was reached by the court after it had carefully considered the location and size of the area in relation to the corporate limits of the city. Under the Colorado statute, if a court finds that an area lies upon the border of the city, granting of a decree of severance is mandatory and the equities of the parties cannot be considered. To avoid granting a decree which would be grossly unjust, the

---

1. Anaconda Mining Co. v. Town of Anaconda, 33 Colo. 70, 80 P. 144; Town of Greenwood Village v. Heckendorf, 126 Colo. 180, 247 P.2d 678.

Colorado court reasoned that it was not intended by the legislature that an area be disconnected from the town under the circumstances which existed, and that therefore the area in question did not meet the statutory prerequisite for severance.[2] These Colorado decisions are not binding upon this court, and the great difference between Colorado's statutory setting and our own precludes an application of their holdings and rationale to the case at hand. Our statutes, unlike those in Colorado, do not require a distortion of their plain meaning in order that justice and equity be obtained.

■■ Before a court of this state has jurisdiction to determine the merits of a petition for disconnection, and before it can consider the interests of parties who are contesting such petition, there are certain conditions which must exist and certain procedures which must be followed. One condition precedent to a court having jurisdiction is that the territory sought to be disconnected must lie upon the borders of the city or town.[3] After all jurisdictional prerequisites have been met, the court must determine whether "justice and equity" require disconnection of all, or of any part of the territory.[4] The court's decree of dis-

connection must be limited to that territory, or that part of such territory, for which a severance from the city or town would be just and equitable under the circumstances.[5] Once it has been established that some part of the territory sought to be disconnected lies upon the border of the town, factors such as the size of the area which abuts such border and the size and location of the entire area in relation to the town, are relevant in determining the equity and justice of a severance;[6] however, these factors have no bearing on the question of jurisdiction.

■ Respondent's contention that each individual tract within the area seeking disconnection must be conterminous with the town's border, cannot be reconciled with a reasonable interpretation of our statutes. One of the requirements set forth in the statute is that a petition for disconnection contain signatures from a majority of property owners who own property located within the "territory."[7] From this context, it is clear that the word "territory" is not used to describe an individually-owned tract of land; and in the same context, the statute requires that the *territory*, and not that each tract, lie upon the border of the town. Because a court is authorized

2. Anaconda Mining Co. v. Town of Anaconda, supra note 1.
3. 10–4–1, U.C.A.1953.
4. 10–4–2, U.C.A.1953.
5. See In re Fullmer, 33 Utah 43, 92 P. 768.

6. In re Chief Consolidated Min. Co., 71 Utah 430, 266 P. 1044; see also 62 A.L.R. 1030.
7. Supra, note 3.

## 130

to disconnect only that part of the territory as would be just and equitable, reading into the statute a requirement that each tract within the territory be conterminous with the town's border would seem unjustified and meaningless. Furthermore, to adopt respondent's interpretation would in many cases require a court to disconnect an area by degrees; the court being unable to disconnect a tract until each tract lying between it and the town's border had, in its turn, been severed. Such an interpretation would not only hamper and delay the attainment of justice, but would also create an unnecessary multiplicity of actions.[8]

The trial court found that part of the area for which petitioners sought disconnection did in fact lie upon the border of West Jordan. Our statutes do not require that each individually-owned tract lie upon the border, nor do they require that the territory be of any particular size or shape as a prerequisite to a court having jurisdiction. Therefore, the trial court's finding that it lacked jurisdiction, and its dismissal of the petition based upon such finding was error.

Judgment of the trial court is reversed and this case is remanded for determination upon the merits.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

8. Cf. Gypsum v. Lundgren, 61 Colo. 332, 157 P. 195, 62 A.L.R. 1030; Reichelt

v. Town of Julesburg, 90 Colo. 258, 8 P.2d 708.