No. 16,428.

TOWN OF SHERIDAN *v.* NESBITT ET AL.
(227 P. [2d] 1000)

Decided December 11, 1950. Rehearing denied February 26, 1951.

122

Mr. Cecil R. Ditsch, Mr. Emory L. O'Connell, for plaintiff in error.

Mr. Richard H. Simon, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Thirty-six petitioners, owning thirty contiguous tracts of alleged agricultural land aggregating more than twenty acres within the corporate limits of the Town of Sheridan, Arapahoe county, filed their petition in the county court of that county under sections 328 to 334, chapter 163, '35 C.S.A., to have their lands disconnected from the incorporated town. At about the same time, the petition of two other owners of nonagricultural or industrial land was filed in the same court for like relief. For convenience, the two cases were consolidated for trial, resulting in a decree favorable to petitioners in

both cases. The cases being based on separate statutes, the town, seeking review of the two decrees, has filed separate records, abstracts and briefs, and in the non-agricultural or industrial land case, being No. 16429, an opinion of this court affirming the judgment was announced December 4, 1950.

The sections of the statutes above mentioned pertinent here are:

§328. "Whenever a tract or two or more contiguous tracts of agricultural or farm land, aggregating twenty or more acres in area, are embraced within the corporate limits of any incorporated town, the outer boundary of which acreage is adjacent to or upon the border of said town, the owner or owners of said tract or tracts of land may petition the county court of the county in which such land is situated to have the same disconnected from said incorporated town; provided, intersecting highways or intervening railroads shall not render said tracts of land non-contiguous or non-adjacent."

§329. "Said petition shall show to the court: 1. That such tract or tracts of land contain in the aggregate an area of twenty or more acres of agricultural or farm land upon or adjacent to the border of said town. 2. That petitioners are the owners thereof. 3. The description of the land. 4. That no part of such area has been platted into lots or blocks as a part of or an addition to said town. 5. That all taxes or assessments lawfully due and payable upon said land up to the time of the presentation of said petition are fully paid."

§330. "Upon the filing of such petition in the county court, the judge shall set a time for hearing, not less than forty nor more than sixty days thereafter, and it shall be the duty of the clerk of said court to cause a copy of such petition, and a notice of the date or time set for such hearing, to be served upon the mayor of the town and the same shall be served at least thirty days prior to the hearing on such petition by the court and, upon the hearing and proof of the facts set forth in such

petition, it shall be determined whether such tract or tracts of land should be disconnected from said town, and the judge shall enter an order or decree accordingly; provided that, whenever an incorporated town has improved any of the highways passing through or adjoining said tract or tracts of land, by the construction and maintenance by said town of any special improvements along, under or over the same, for a period of more than two years prior to the presentation of the petition, the petitioners shall not be entitled to the provisions of sections 328 to 334 of this chapter."

The petition is in full compliance with section 329; however, complaint is made that there is no allegation of the contiguity of the lands. The statute provides for no such allegation; nevertheless, to entitle petitioners to the benefit of the statute, proof of contiguity must be made.

The respondent town answered the petition, and, without sufficient knowledge of ownership, demanded strict proof thereof; admitted that no part of the area described in the petition was platted into lots or blocks; denied all other allegations; and for further answer, alleged that the disconnection of the properties described in the petition from the town would result in the division of said town into two separate and distinct areas approximately one-fourth of a mile apart at the nearest point; and further alleged that the petition did not state a claim upon which relief could be granted.

After hearing, at which all petitioners testified as to ownership and the nature and character of their lands, the court entered its findings in substance as follows: That the lands constitute an aggregate area of twenty acres or more of agricultural or farm land adjacent to the border of the Town of Sheridan; that the petitioners are the owners of said land; that no part thereof has been platted into lots or blocks as a part of, or an addition to, the Town of Sheridan; that all taxes and assessments have been paid; and that the Town of Sheridan

has not improved any highway passing through or adjoining said tracts by the construction and maintenance by said town of any special improvements along, under or over the same for a period of more than two years prior to the presentation of the petition. Judgment was entered on the findings on December 12, 1949. Among other remarks of the court at the time of entering its findings, the following is to be found: "I do not feel in case No. 10829, as has been set up in the answer, that the city, the Town of Sheridan, is going to be divided into two parts, any more than it is divided at the present time."

The respondent town, plaintiff in error, has specified fifteen points for reversal of the judgment relating largely to a contention that: (1) The evidence did not show the lands to be agricultural. (2) That the court erred in disconnecting the property of May Hentzell for the reason that the petitioner was not the proper party to seek disconnection. (3) That the detachment of the lands would result in a complete division of the town.

The respondent town introduced no consequential evidence to refute the testimony of petitioners concerning the agricultural nature of the land; and further, Exhibit A, a large map drawn to scale, shows the area sought to be disconnected and the aggregate of the individual tracts is far in excess of twenty acres.

 Virtually all of the petitioners testified that their land was agricultural land and used for no other purposes. It is true that in a number of instances, the owners had not cultivated the lands except in a small way for domestic gardening, and that they were used for grazing and chicken raising; also, that a number of the owners had employment away from their property and maintained their residence thereon. There is no requirement in the statute that the land sought to be disconnected must be in use as a farm or exclusively used for farming pursuits. Whether or not it is so used is not the test. If the land is susceptible of being used for ag-

ricultural, and not in use for other purposes, it is agricultural land within the statutory meaning. Moreover, from the testimony before it, the trial court resolved the question in favor of petitioners to the end that it was agricultural land. There being no evidence of consequence as to nonagricultural uses, there was ample evidence to support the court's findings.

The respondent town contends that the court erred in disconnecting the property of May Hentzell for the reason that she, as petitioner, was not the proper party to seek disconnection. This contention arose from her testimony to the effect that she was the owner of land included in the area sought to be detached and had paid the taxes thereon, but that six or eight years before the time of the trial, she had entered into a contract for sale of the land with one Joseph Allen. It was contended that Allen was not a party to the action, and further, that May Hentzell had no interest whatsoever in the matter of disconnection except upon the theory of default in the contract. The statute makes no distinction between legal owner and equitable owner. As used in the statute, the words "owner or owners" were intended to have the usual and customary meaning. Petitioner Hentzell, in whom the legal title rests, was the proper party to maintain this action. It is for the legislature to extend this ordinary meaning if otherwise intended.

■■ As to the final contention of plaintiff in error, that the town would be separated into two separate areas, we must say that we find no statute or any decision of this court which would prohibit the disconnection of the lands involved from the town, as shown on Exhibit A. The burden was on the town to show all defensive matters, and petitioners were required only to establish their affirmative allegations. "When the facts required by the statute to be established have been proven, it becomes the duty of the court to enter a decree disconnecting the territory." *Reichelt v. Town of*

*Julesburg,* 90 Colo. 258, 8 P. (2d) 708, and cases there cited. We believe the Reichelt case is controlling herein. The judgment is affirmed.

MR. JUSTICE STONE, MR. JUSTICE HAYS and MR. JUSTICE ALTER dissent.