No. 16,696.
TOWN OF GREENWOOD VILLAGE *v.* HECKENDORF.
(247 P. [2d] 678)

Decided August 4, 1952.

Mr. Charles R. Enos, Bernice M. Buchler, Mr. C. Charles Buchler, for plaintiff in error.

Mr. Richard H. Simon, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will herein refer to plaintiff in error as the town, and defendant in error as Heckendorf.

Heckendorf filed his verified petition in the county court of Arapahoe county pursuant to the provisions of sections 328 to 334, chapter 163, '35 C.S.A. In the petition it was alleged that he owned land in excess of twenty acres embraced within the corporate limits of the town; that said land constituted a single area on the outer boundary and adjacent to the border of the town; that no part thereof was platted into lots or blocks as a part of or an addition to the town; that said lands were used as and fitted for agricultural purposes; and that all taxes and assessments due thereon were fully paid. The prayer of the petition was that the land described therein be disconnected from the town. The date for hearing of said petition was fixed by the county court and notice thereof was duly served upon the town.

The answer filed by the town to Heckendorf's petition contained six defenses as follows: (1) The petition failed to state facts upon which a claim for relief can be based; (2) denied that said tracts of land belonged to Heckendorf, and denied that said lands were fitted only for agricultural farm land; (3) alleged that Heckendorf had by contract agreed to sell and convey said land to parties unknown to the town and that the interest of Heckendorf in said tracts of land constituted personal and not real property; (4) that persons holding a binding agreement to acquire said lands from Heckendorf had purchased same for the sole purpose of speculation

and resale after subdividing it, and did not purchase said property for agricultural purposes; (5) that Heckendorf in August, 1950, signed and delivered to the town an express consent in writing that said tracts of land be included in the town, and, relying on said consent, the town had made expenditures and plans, and that citizens residing in the town had a definite and financial interest in keeping the lands within the corporate limits, and that Heckendorf is estopped to ask that said tracts be removed from the town; and (6) that the action was not brought by the real party in interest.

Counsel for Heckendorf moved to strike the third, fourth, fifth and sixth defenses upon the ground that the matters contained therein were irrelevant and immaterial and did not constitute any defense to the facts alleged in the petition. The motion to strike was granted. Thereupon a supplemental answer was filed in which, as a seventh defense, it was alleged that if the prayer of Heckendorf's petition were to be granted a substantial area included within the town would be severed and isolated from the area remaining therein, and that the area thus isolated would be approximately one-fourth of a mile from the remainder of the land within the town. Upon motion this seventh defense was stricken on the ground that it was immaterial and constituted no defense to the facts set forth in the petition.

The cause proceeded to trial upon the issues framed by the second defense, and resulted in the entry of findings and judgment disconnecting the real estate in question from the town. The town, seeking reversal of the judgment, brings the case here by writ of error.

It is not disputed that shortly prior to the commencement of the action Heckendorf had entered into a written contract with third persons to sell the property involved in this litigation. This contract contained, inter alia, the following provisions: "It is understood and agreed that said land is now situated in the Town of Greenwood Village and that upon the signing of this

agreement, first party will immediately commence a 'disconnection proceeding' in the County Court of Arapahoe County, Colorado, for the disconnection of said land from said town; in this connection it is further understood that in the event said disconnection procedure is delayed because of resistance by said town, the date for the execution of said warranty deed and the payment of $11,500.00 shall be postponed until said proceedings are finally determined in favor of first party, and should the final determination of said proceedings be unfavorable to first party, then this agreement shall be null and void and the $500.00 deposit shall be returned to second parties."

The town relies on four grounds for reversal of the judgment, and argument thereon is presented under four headings as follows: 1. Heckendorf was not the "owner" of the land within the meaning of the statute permitting an "owner" to withdraw land from a town, for the reason that he had contracted to sell the same, and the action was not brought by the real party in interest. 2. Said land ceased to be agricultural or farm land. 3. Heckendorf is estopped to maintain the action because of his original consent to the inclusion of the land within the town limits. 4. The court cannot disconnect the land for the reason that to do so would cut off and isolate a portion of the town and divide it into two areas separated from each other by a quarter of a mile.

Questions to be Determined.

First: *Where an owner of real estate situated within the boundaries of a town, has entered into a contract for the sale thereof conditioned upon his ability to disconnect said property from the town, is he the "owner" of real estate within the meaning of the statute authorizing withdrawal of farm lands from the corporate limits?*

This question is answered in the affirmative. It is argued by attorneys for the town that when Heckendorf entered into the contract to sell the land involved in this

action he ceased to be the owner of the land and converted his interest in the property to "personality"; that his interest, while remaining an interest in the land, becomes a security interest only and as such is personal property, and the actual owner of. the land and the proper party plaintiff in such a case is the purchaser named in the contract. In the case of *Town of Sheridan v: Nesbitt,* 123 Colo. 121, 227 P.(2d) 1000, a like situation was presented and a similar argument advanced in that cause was rejected. We stated in that case: "The respondent town contends that the court erred in disconnecting the property of May Hentzell for the reason that she, as petitioner, was not the proper party to seek disconnection. This contention arose from her testimony to the effect that she was the owner of land included in the area sought to be detached and had paid the taxes thereon, but that six or eight years before the time of the trial, she had entered into a contract for sale of the land with one Joseph Allen. It was contended that Allen was not a party to the action, and further, that May Hentzell had no interest whatsoever in the matter of disconnection except upon the theory of default in the contract. The statute makes no distinction between legal owner and equitable owner. As used in the statute, the words 'owner or owners' were intended to have the usual and customary meaning. Petitioner Hentzell, in whom the legal title rests, was the proper party to maintain this action. It is for the legislature to extend this ordinary meaning if otherwise intended." It follows therefore that Heckendorf is the proper party plaintiff in this cause.

▆ Second: *Must we say, as a matter of law, that the land in question ceased to be agricultural or farm land under the undisputed evidence in this case?*

This question is answered in the negative. It is undisputed that prior to the institution of the petition by Heckendorf to disconnect the land it had always been used as farm land, and at the time of the trial in this cause a crop was growing thereon. The only evidence

tending in any degree to question the intended use of said land by the purchaser thereof, under the terms of the contract, is shown by the following testimony upon cross-examination of Mr. Heckendorf: "Q. You are conducting this proceeding as petitioner at the request of the purchasers, Mr. and Mrs. Long and Mrs. Leaverton? A. The agreement was, to make this sale, first I would have to get it out of Greenwood Village. Q. And you don't intend to keep this land yourself for agricultural purposes? A. I do not, because I have already given an option on it."

Assuming, without so deciding, that the existence of an intent on the part of purchasers of farm land to subdivide the same destroys the character of farm lands, no such result follows here because there is no evidence whatever which shows any such intent on the part of the purchasers of the land in this case. Not one word of testimony appears in this record relating to any plans which the purchasers of the real estate had concerning the uses to which the property might be put in the event that they became the owners thereof.

Third: *Did the trial court err in striking the fifth defense of the town, which said defense was based upon the doctrine of estoppel?*

This question is answered in the negative. The fifth defense of the town, as set forth in its answer to Heckendorf's petition, alleged that in the month of August, 1950, Heckendorf, then being the owner of the real estate, signed an express consent in writing that the land in question be included in the town, and, relying on this consent, the town "made expenditures and plans involving the further expenditure of moneys," and that many citizens residing therein had a financial interest in keeping Heckendorf's land within the corporate limits. Assuming, without so determining, that the doctrine of estoppel might be invoked to prevent the withdrawal of agricultural lands from the town under circumstances other than those shown by the pleadings in this case, it

is clear that the allegations of the answer in this connection wholly failed to raise such an issue. The proceeding instituted by Heckendorf is statutory, and the rights created by this statute are continuing ones, subject to any liabilities to which the land may have been obligated prior to the withdrawal thereof. An estoppel does not arise against the rights of Heckendorf to disconnect his land upon the ground that he at one time consented to its inclusion within the town, if he brings himself within the provisions of the statute which authorizes disconnection. In 62 C.J.S., page 145, the general rule is stated as follows: "Where the right to a severance of territory from a municipal corporation is a continuing right, estoppel may not be asserted as a defense thereto." We said in *Reichelt v. Town of Julesburg*, 90 Colo. 258, 8 P. (2d) 708:

"When the facts required by the statute to be established have been proven, it becomes the duty of the court to enter a decree disconnecting the territory. * * *

"We have considered questions of estoppel and all other objections of the town, ably argued by its attorney, but find them untenable. The judgment is therefore reversed and the cause remanded, with instructions to enter a decree disconnecting the petitioners' lands from the town of Julesburg."

■ Fourth: *Did the trial court err in striking the seventh defense contained in the answer, which alleged that the disconnection sought would divide the town into two areas wholly separated from each other?*

This question must be answered in the affirmative. The disconnection of land from a town cannot be permitted where the result thereof would be to divide the municipality into two areas wholly isolated from each other. In considering the legislative intent of the statute, we said in *Anaconda Mining Co. v. Town of Anaconda*, 33 Colo. 70, 80 Pac. 144: "The clear intent of the legislature was to permit persons owning property lying upon the border to disconnect from the town. The disconnec-

tion of property so lying upon the border would not be injurious; the limits of the town would be changed, *but the town would not be divided.*" (Emphasis supplied.) In *City of Denver v. Coulehan,* 20 Colo. 471, 39 Pac. 425, we held that the legislature does not have the power to enlarge the territory included within a town by adding thereto areas entirely separated from the municipality by intervening lands; and in *Reichelt v. Town of Julesburg, supra,* we said, "The power to detach territory from the town is analogous to and in the same class with the power to attach."

Having heretofore determined that the legislature is without power to add to corporate territory by adding disconnected areas and that the power to withdraw land is analogous thereto, it necessarily follows that no disconnection of land can be upheld which divides a town into disconnected parts.

The seventh defense contained in the answer was erroneously stricken, and, if the facts alleged are sustained by evidence, Heckendorf's petition cannot be granted. The judgment is reversed and the cause remanded for further proceedings consistent with these views.