No. 22859.

TOWN OF GREENWOOD VILLAGE *v.* IDA P. SAVAGE.
(471 P.2d 606)

Decided June 29, 1970.

C. CHARLES BUCHLER, VICTOR N. NILSEN, for plaintiff in error.

MARTIN P. MILLER, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS action was instituted by Ida P. Savage, defendant in error, under the provisions of C.R.S. 1963, Ch. 139, Art. 12, as amended, to disconnect a tract aggregating more than twenty acres of agricultural land from the Town of Greenwood Village, plaintiff in error. The court ordered the disconnection as prayed for.

The town asserts three errors on the part of the trial court. We will discuss in separate divisions the alleged errors and the facts necessary to the disposition of each.

I.

"THE TRIAL COURT LOST JURISDICTION OF THE SUBJECT MATTER OF THE ACTION WHEN THE HEARING OR TRIAL ON THE ORIGINAL PETITION AND THE HEARING ON THE AMENDED PETITION WERE NOT HAD WITHIN THE MANDATORY SIXTY-DAY PERIOD SET BY STATUTE."

1965 Perm. Supp., C.R.S. 1963, 139-12-3, in pertinent part, provides:

"Upon the filing of such petition in the district court, the judge shall set a time for hearing, not less than forty nor more than sixty days thereafter * * *."

The material facts are that the original petition was filed October 6, 1965. A hearing was set for November 26, 1965. This setting was vacated, not at the request of the town, and the matter was reset for hearing on January 25, 1966. The court then vacated that hearing date. On June 14, 1966, the owner filed an amended petition which excepted from the territory to be disconnected a fifty-foot strip along the west boundary of the property, thirty feet of which constituted a portion of South Clarkson Street.

The court set the amended petition for hearing on August 11, 1966. This setting was vacated and reset for September 29, 1966. The order to which the present writ of error is directed grew out of the orders emanating from this hearing.

Mrs. Savage, in answer to the town's contention that a breach of the statutory mandate caused the court to lose jurisdiction, argues (1) that there is no language in the statute which makes the holding of a hearing within sixty days mandatory, and (2) that the court has inherent power to continue a case either on its own motion or on the motion of one or both of the parties.

In the first instance the court set a hearing on

both the original and the amended petitions within the statutory time limits. This complied with the statute. There is no proscription against continuances. It should be noted that although the town did not request any of the continuances, neither did it object to any of them. The court in the first instance, having complied with the statute in setting the case within the statutory period, did not lose jurisdiction by virtue of granting the continuances.

II.

"THE TRIAL COURT ERRED WHEN IT RULED THAT THE DOCTRINE OF RES JUDICATA DOES NOT APPLY TO THE STATUTORY PROCEEDINGS OF DISCONNECTION OF TERRITORY FROM A MUNICIPALITY."

In 1955, Mrs. Savage and her husband (since deceased), together with other adjoining landowners, filed a petition in the County Court (as the statute then provided) to disconnect a substantially larger tract from Greenwood Village. The proceedings were denominated Civil Action No. 12292. The property which the Savages sought to have disconnected then is the same as that involved in the present proceedings, except for the fifty-foot strip along the west boundary of her tract.

On May 6, 1955, the court, on stipulation of counsel, entered an order

"* * * that said petition is dismissed with prejudice against petitioners therein named, in favor of respondent, that lands therein mentioned are a part and parcel of the respondent municipality * * *."

The trial court in the instant proceeding, after a hearing, found that it was "bound by the ruling in Arapahoe County Court Action No. 12292," and ordered the proceedings dismissed. Mrs. Savage moved to alter or amend the ruling. The trial court reversed its decision, found that petitioner had met all of the statutory requirements, and ordered the land disconnected.

The court in its decree explained the reversal of its position on the *res judicata* issue in this manner: "Upon review of the cases, the Court finds that, this being a statutory proceeding, there is a continuing right; that the land involved herein is but a portion of the entire property involved in the prior action which was dismissed and which this Court initially held to be res judicata; that it appears from the cases that a dismissal or adverse ruling in a prior case is not a bar to resubmission of the question of disconnection of a lesser portion of a tract or tracts of land."

The conclusion of the court finds support in previous decisions of this court. In *Town of Greenwood Village v. Heckendorf*, 126 Colo. 180, 247 P.2d 678, where the landowner, prior to filing his petition to disconnect, signed an express consent in writing that the land in question be included in the town, and, relying on this consent, the town made expenditures and plans involving the further expenditure of moneys, the court denied the town's defense of estoppel against the landowner.

In answering the claim of estoppel, the court observed, "* * * The proceeding instituted by Heckendorf is statutory, and the rights created by this statute are continuing ones, subject to any liabilities to which the land may have been obligated prior to the withdrawal thereof. An estoppel does not arise against the rights of Heckendorf to disconnect his land upon the ground that he at one time consented to its inclusion within the town, if he brings himself within the provisions of the statute which authorizes disconnection * * *."

In *Heckendorf, supra,* the estoppel was based on contract. Here, the estoppel is based on a judgment which resulted from a contract (stipulation). We are unable to distinguish the two situations as a matter of principle. See, Black's Law Dictionary at 650 (4th ed. 1951), *Estoppel: Res Judicata Distinguished;* see, also, *Reichelt v. Town of Julesburg,* 90 Colo. 258, 8 P.2d 708.

III.

"THE TRIAL COURT ERRED WHEN IT DECREED DISCONNECTION OF THE TERRITORY INVOLVED AS SUCH DISCONNECTION DIVIDES THE TOWN INTO TWO PARTS."

The town relies on the rule announced in *Heckendorf, supra,* to the effect that disconnection of territory from a municipality cannot be decreed when the result is to divide the municipality into separate parts. Mrs. Savage asserts, even if the rule contended for is the law, that there has been no division of the town by virtue of the disconnection.

As noted above, the amended petition excepted from the territory to be disconnected the west fifty feet, the west thirty feet of which constituted the east half of South Clarkson Street. The excepted strip, for practical purposes, is twenty feet in width and approximately 1288.75 feet in length.

The town concedes that "the corridor of twenty feet connected the extreme west portion of the town to the east portion of the town," but poses the question whether "this umbilical cord" is sufficient in law to avoid the principle set forth in the *Heckendorf* case. *Heckendorf held* that no disconnection of land can be upheld which divides a town "into two areas wholly isolated from each other."

The principle set forth in *Heckendorf* is not statutory law. However, the legislature has met many times since 1952 and, in its wisdom, has not seen fit to abrogate, expand, or modify the rule. We are not inclined to expand it.

Under the circumstances shown to exist here the creation of the "corridor" has the effect of making the town's boundaries somewhat irregular, but, so far as the small area of the town which lies west of South Clarkson Street is concerned, it remains contiguous to the rest of the town with the same access to all parts of the town as existed before the disconnection. It is not

"wholly isolated." The rule is not one of symmetry, but of contiguity. *Richelt v. Town of Julesburg, supra.*

The judgment of the trial court is affirmed.

MR. JUSTICE LEE not participating.