## No. 26193

### Master Kraft Builders Corp., a Colorado corporation v. City of Lakewood

(519 P.2d 1188)

Decided March 4, 1974.

Feder & Morris, P.C., Katherine Tamblyn, Simon, Eason, Hoyt & Malone, P.C., William K. Malone, for plaintiff-appellant.

Raymond C. Johnson, City Attorney, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Master Kraft filed a petition in district court for disconnection. from the City of Lakewood pursuant to C.R.S. 1963, 139-11-1. It was dismissed on motion of the City. We reverse and remand.

■ The petition for disconnection contained every statutory requisite as enumerated in section 139-11-2. The sole reason for dismissal announced by the district court was an erroneous interpretation that section 139-11-3 — which disallows disconnection if the city has provided services for three years — means by implication that a petition for disconnection cannot be brought before a city has been incorporated for three years. We disagree.

■ The statutes grant the petitioning party an unequivocal right to disconnect property from a city any time prior to three years acceptance of services. The provisions are unambiguous. Prior decisions hold that the duty of a court to order disconnection is mandatory where the statutory requisites are met. *Town of Greenwood Village v. Savage,* 172 Colo. 217, 471 P.2d 606 (1970); *Reichelt v. Town of Julesburg,* 90 Colo. 258, 8 P.2d 708 (1932); *Anaconda Mining Co. v. Town of Anaconda,* 33 Colo. 70, 80 P. 144 (1905); *Town of Edgewater v. Liebhardt,* 32 Colo. 307, 76 P. 366 (1904). There is no provision requiring that the city from which disconnection is sought must be incorporated three years. If a city has been incorporated less than three years, it could not have furnished the services for the requisite time and the statute applies. To require three years of incorporation by a city before the petition could be filed would lock the property in and prevent recourse to the statute. Consequently, in other cases wherein cities have been in existence for many years, a petition could be filed any time short of receiving three years of service. This would unnecessarily create unequal application of the statute.

The judgment of the district court is reversed and the cause remanded with direction to reinstate the petition and proceed to final determination.

MR. JUSTICE KELLEY does not participate.