CHIEF JUSTICE HODGES
delivered the opinion of the Court.
On October 10, 1977, the inhabitants of an unincorporated area physically surrounded by the City of Aurora, filed a petition for incorporation under the name of the Town of Eastridge. On the evening of the same day, the Aurora City Council passed an ordinance approving the unilateral annexation of the identical area of Eastridge to the City of Aurora. Following submission of the petition for incorporation, the district court scheduled an election for the qualified electors on the incorporation for the Eastridge territory. On November 14, one day prior to the election, the court denied the City of Aurora’s motion to stay the election. The November 15 election resulted in a vote in favor of incorporation, and on November 21, the district court adjudged the election to be valid.
The City of Aurora appealed the November 14 ruling of the district court to the court of appeals. The court of appeals reversed in 41 Colo. App. 299, 590 P.2d 72 (1978). It ruled that section 31-2-101(1), C.R.S. 1973 (1977 Repl. Vol. 12), precluded an election on the incorporation of the Eastridge enclave because the area was “embraced” within the City of Aurora. We granted certiorari and now affirm.
The issue raised by the present case is whether an unincorporated enclave contained within the borders of an existing municipality may incorporate under Colorado law. This determination turns on section 31-2-101(1), C.R.S. 1973 (1977 Repl. Vol. 12), which provides in pertinent part;
“Whenever the inhabitants of any territory not embraced within the limits of any existing municipality desire to be organized into a city or town, they shall file a petition for incorporation. . . .” (Emphasis added.)
*442 The statute thereby permits only those areas which are “not embraced" within an existing municipality to incorporate.
In the present case, the trial court found that “embraced” referred to whether a territory was a part of an existing municipal government. The court determined that because Eastridge was not governed by the City of Aurora, the statute did not bar its incorporation. The court of appeals reversed, holding that “embraced” meant physically contained within another municipality and, therefore, that Eastridge, as an enclave of Aurora, could not incorporate.
In interpreting the statute in question, we note at the outset that one of the dictionary definitions of the term “embraced” is physically enclosed or encircled. Webster’s Third New World International Dictionary 740 (1966). The fact that the statute reads “embraced within the limits of any existing municipality” rather than “embraced within any existing municipality” suggests that “embraced” is used in a geographical rather than political sense. Furthermore, the case law has attributed the above meaning to “embraced.” See Riechelt v. Town of Julesburg, 90 Colo. 258, 8 P.2d 708 (1932); City of Pueblo v. Stanton, 45 Colo. 523, 102 P. 512 (1909).
The parties concede, however, that the term “embraced” may have different statutory usages. For example, section 31-2-101(1) further provides that a petition for incorporation shall “be accompanied with satisfactory proofs of the number of inhabitants within the territory embraced within the limits of the proposed city or town.” (Emphasis added.) Petitioner points out that this demonstrates that the number of inhabitants who will be governed by the proposed governmental unit has significance for purposes such as determining whether the area will be classified as a city or town, see section 31-2-216, whereas, the number of inhabitants whose residences will be physically enclosed within the borders of the proposed area lacks any importance. In view of this ambiguity surrounding the term “embraced,” we turn to the underlying legislative policy to interpret section 31-2-101(1).
The Municipal Annexation Act of 1965 constitutes the sole declaration of legislative purpose regarding the development of urban communities in Colorado. The stated purpose of the Act is “to encourage a natural and well-ordered development of municipalities,” section 31-12-102(l)(a), C.R.S. 1973 (1977 Repl. Vol. 12), “to distribute fairly . . . the costs of municipal services,” section 31-12-102(1)(b), “to simplify governmental structure in urban areas,” section 31-12-102(1) (d), and “to increase the ability of municipalities in urban areas to provide their citizens with . . . services . . . ,” section 31-12-102(1)(g).
The organization of enclaves into separate political units is patently inconsistent with these objectives. This type of incorporation results in a duplication of government facilities, frustrates area-wide coordination *443 and uniformity of regulations, complicates government structure, often circumvents legitimate zoning controls, frequently leads to an avoidance of city tax burdens, and thus causes an inequitable distribution of the costs of municipal services. The legislative recognition of the disadvantage of piecemeal incorporation is evident as well in section 31-12-118, C.R.S. 1973 (1977 Repl. Vol. 12), which gives annexation proceedings priority over incorporation procedures and thereby expresses a clear preference for consolidation over fragmentation. See also Town of Greenwood Village v. Heckendorf 126 Colo. 180, 247 P.2d 678 (1952), wherein this court stated that “no disconnection of land can be upheld which divides a town into disconnected parts.”
We conclude, therefore, that the court of appeals’ interpretation of section 31-2-101(1) as precluding an enclave of an existing municipality from incorporating is consistent with the language of and legislative policy underlying the statute.
Accordingly, we affirm the court of appeals’ judgment which set aside the incorporation proceeding. In view of our interpretation of section 31-2-101(1), we find it unnecessary to reach the issue of whether the annexation proceeding initiated by the City of Aurora takes precedence over the incorporation proceedings commenced by the inhabitants of Eastridge.
Judgment affirmed.
JUSTICE LEE does not participate.