MASTER KRAFT BUILDERS CORP., a Colorado Corporation,
Petitioner-Appellant,

v.

CITY OF LAKEWOOD,
Respondent-Appellee.

No. 78–838.

Colorado Court of Appeals,
Div. III.

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Certiorari Denied July 21, 1980.

Banta, Hoyt, Malone & Banta, P.C., William K. Malone, Stephen G. Everall, Englewood, for petitioner-appellant.

Johnson & Reed, Raymond C. Johnson, Lakewood, for respondent-appellee.

VAN CISE, Judge.

Master Kraft Builders Corp. (petitioner) appeals from an order and judgment denying its petition for disconnection of a 240 acre parcel of land situated in the City of Lakewood in the area known as Green Mountain. We reverse.

The petition, conforming to the requirements of § 31–12–602, C.R.S. 1973 (1977 Repl. Vol. 12), was filed on February 23, 1978, and the matter was set for hearing on April 21. On March 16, the city obtained a continuance of the trial date to June 13.

On April 27, the city annexed certain lands lying to the south and west of the parcel sought to be disconnected, with the result that no part of the subject parcel then lay on the border of the city, but rather was surrounded by the city.

At the conclusion of the hearing on the petition, the trial court ruled that the facts pertaining to a petition for disconnection are to be determined as of the date of the filing of the petition and that, therefore, the city's annexation of land after the petition was filed did not preclude this action.

The court, however, denied the petition on the grounds that, as of the date of filing (1) the land did not lie upon and was not contiguous to the city's border within the meaning of the statute, (2) the decree, if granted, would divide and isolate the city, and (3) the city maintained streets, lights, and other public utilities for three years through or adjoining the subject land which were capable of being used to the benefit of a substantial portion of the land and were of some substantial advantage to the owners.

## I.

█ Throughout the proceeding and on appeal, the city has maintained that the annexation of land surrounding the subject parcel after the filing of the petition but prior to the hearing prevents the parcel from being disconnected because it is no longer located upon the boarder of the city. It contends that the facts in the petition must be determined as of the date of the hearing. We do not agree.

Section 31–12–602(1), C.R.S. 1973 (1977 Repl. Vol. 12), requires the petitioner to set forth certain factual allegations when the petition is filed. These include allegations "that the land contains in the aggregate an area of twenty or more acres and is located upon or adjacent to the border of the city" and "that all taxes or assessments lawfully due upon the land up to the time of the filing of the petition have been fully paid." Section 31–12–603(1), C.R.S. 1973 (1977 Repl. Vol. 12), provides: "Upon the hearing and proof of the facts set forth in said petition, it shall be determined whether said tracts of land should be disconnected from such city."

As stated by the trial court:

"The plain, commonly accepted interpretation of these words clearly indicate the legislature's direction that the facts be determined as of the date of the filing of the petition. A contrary interpretation would set up a race to the courthouse to make amendments to the petition to increase or decrease the size of the disconnection or to annex land, to seek continu-ances, to foster appellate interlocutory reviews so that as of the date of the hearing or trial, the factual conditions supporting disconnection or factual defenses preventing disconnection which existed at the time of the filing of the petition would be substantially different."

We concur with the trial court's reasoning and hold that the facts must be determined as of the date the petition for disconnection was filed.

## II.

Petitioner first alleges error based upon the trial court's ruling that the property was not "upon or contiguous to" or "located upon or adjacent to the border of" the city within the meaning of §§ 31–12–601 and 602(1), C.R.S. 1973 (1977 Repl. Vol. 12).

█ The procedures for disconnection by court decree of territory from a city as provided for in the disconnection statutes, § 31–12–601 *et seq.*, C.R.S. 1973 (1977 Repl. Vol. 12), are mandatory. *Master Kraft Builders Corp. v. City of Lakewood*, 184 Colo. 254, 519 P.2d 1188 (1974). The statutes do not prescribe the amount or percentage of the subject property which must be located upon the border of the city to qualify a tract of land for disconnection. In this case 4170 feet, comprising most of the southern boundary of the tract and constituting 23.1% of the subject property's total perimeter, was located upon the border of the city at the time the petition was filed. This is sufficient to satisfy any reasonable interpretation of the statute, and the trial court's ruling to the contrary was in error.

In *Anaconda Mining Co. v. Anaconda*, 33 Colo. 70, 80 P. 144 (1905), the property sought to be disconnected was approximately 1500 feet by 600 feet and only a 150 foot corner of the property (approximately 3½ percent of the total perimeter) was located on the border of the town. *Anaconda* may stand for the rule that "cornering" is not synonymous with "contiguous" for the purpose of disconnection, *LaSalle National Bank v. Village of Burr Ridge*, 81 Ill.App.2d

209, 225 N.E.2d 33 (1967) but *Anaconda* does not support the result reached by the trial court in the instant case. Further, the *Anaconda* decision demonstrated concern with the symmetry of municipal boundaries, a factor which has more recently been held not to be controlling in disconnection proceedings. *Town of Greenwood Village v. Savage*, 172 Colo. 217, 471 P.2d 606 (1970); *Reichelt v. Town of Julesburg*, 90 Colo. 258, 8 P.2d 708 (1932).

## III.

■ Petitioner contends that it was error for the trial court to deny disconnection on the grounds that this would "divide and isolate the city" and that there would not be "the same access to all parts of the city as existed before the proposed disconnection." We agree with petitioner.

While it is not statutory law, our Supreme Court in *Town of Greenwood Village v. Heckendorf*, 126 Colo. 180, 247 P.2d 678 (1952), held that "no disconnection of land can be upheld which divides a town into disconnected parts." However, in the instant case petitioner excluded a fifty foot strip of land running along the west border of the subject property from the tract sought to be disconnected, in order to establish a connection between city property on the west side of the subject tract to other parts of the city. Therefore, as stated in *Town of Greenwood Village v. Savage*, supra:

> "Under the circumstances shown to exist here the creation of the 'corridor' has the effect of making the town's boundaries somewhat irregular, but, so far as the small area of the town which [is at issue] is concerned, it remains contiguous to the rest of the town with the same access to all parts of the town as existed before the disconnection. It is not 'wholly isolated.' The rule is not one of symmetry, but of contiguity."

In the instant case, the subject parcel is wholly undeveloped. There is a little-used city-owned easement across that land for access from the city land on the east to the police radio site west of the tract. There is

a north-south trial usable only by pedestrians or four-wheel-drive vehicles or motor bikes located within the fifty foot strip adjacent to and to the west of the parcel which connects with the above-described easement. Except for the easement and trail, there was no vehicular access across the parcel even before the disconnection proceedings were instituted. Normal access to city land on either side of the parcel had always been over other property.

After disconnection, the land to the west of the parcel remains contiguous to the rest of the city with the same access as existed before the disconnection. *Savage, supra*. This is sufficient.

## IV.

Section 31–12–603(1), C.R.S. 1973 (1977 Repl. Vol. 12), provides in pertinent part: "When a city has maintained streets, lights and other public utilities for a period of three years through or adjoining said tracts of land, the owners shall not be entitled to disconnect the land . . ."

The trial court held that, pursuant to the above statute, petitioner was not entitled to disconnection because the city had maintained for a period of three years (1) several street lights and other public utilities within several feet of the boundaries of the property, (2) streets which lead directly toward the property and one street which parallels the boundary within 130 feet, (3) a power line running though the property to a police radio-tower site, and (4) a buried utility line running along the eastern border of the property. Petitioner claims this holding was erroneous. We agree.

■ "Adjoining" connotes physical touching or bounding at some point. *See Webster's Third New International Dictionary* p. 26 (1976 ed.). Therefore, street lights, public utilities, and streets situated only in close proximity are not "adjoining." *See Morrison v. Town of Lafayette*, 67 Colo. 220, 184 P. 301 (1919). The power line to the police radio-tower site and the buried utility line along the eastern border of the

property were installed and maintained by the Public Service Company of Colorado, and not by the city. Although the city pays for the electricity furnished to the tower, this line was for the sole purpose of providing power to the site situated outside of the subject property and did not confer any service or advantage to the tract sought to be disconnected. Therefore, none of these are within the scope of the statute.

The judgment is reversed, and the cause is remanded with directions to enter a decree of disconnection.

PIERCE and BERMAN, JJ., concur.