Howard D. MORGAN, Beatrice M. Morgan, John P. King, Jean A. King, Red Rock Ranch, Inc., a Colorado Corporation, Ryan J. Nevins, Margaret Nevins, Harry Elders, Christine C. Elders, Harvey F. Haight, Jr., Susan J. Haight, James A. Warsinske, Beverly J. Warsinske, Vernon E. Francis, Laura L. Francis, William S. Tilton, Georgia E. Tilton, Jack Yourman, Gladys Yourman, Terry E. Norman and Bonnie J. Norman, Plaintiffs-Appellees,

v.

TOWN OF PALMER LAKE, a Municipal Corporation, Defendant-Appellant.

No. 79CA0708.

Colorado Court of Appeals, Div. I.

March 20, 1980.

David C. Mize, Colorado Springs, for plaintiffs-appellees.

Darrell D. Thomas, Colorado Springs, for defendant-appellant.

COYTE, Judge.

From a summary judgment for plaintiffs on an action seeking disconnection of a subdivision known as Cloven Hoof Estates from the Town of Palmer Lake, defendant appeals. We affirm.

Prior to 1960, the Town of Palmer Lake annexed the Cloven Hoof Estates subdivision. In August 1978, plaintiffs, as owners of property in the Cloven Hoof Estates subdivision, petitioned the Palmer Lake Board of Trustees for disconnection of the subdivision from the Town. The petition was denied. Subsequently, plaintiffs brought this action asserting, *inter alia*, that by virtue of the Town's failure to provide water to the subdivision, on the same basis that water was supplied to other areas of the town, they were entitled to disconnection under § 31–12–119, C.R.S. 1973 (1977 Repl.Vol. 12). On the basis that there existed no material issue of fact as to the Town's failure to provide municipal services, *i. e.,* water, the court entered summary judgment ordering the disconnection.

Defendant concedes that the Town has never provided water to the subdivision. However, defendant argues that the original annexation of the subdivision was conditioned upon the Town not being required to supply water, and that therefore, plaintiffs are estopped from seeking disconnection under § 31–12–119, C.R.S.1973 (1977 Repl.Vol. 12). We disagree.

Section 31–12–119, C.R.S.1973 (1977 Repl.Vol. 12) provides in pertinent part:

"The landowners of any tract or contiguous tracts of land aggregating five acres or more located on a boundary of the municipality at the time of the disconnection action may, three or more years after annexation, petition for disconnection from the municipality if such municipality does not, upon demand, provide the same municipal services on the same general terms and conditions as the rest of the municipality receives. . . ."

The right created by this provision is a continuing one, and estoppel does not arise to bar disconnection merely because the petitioner at one time consented to the annexation. *Town of Greenwood Village v. Heckendorf,* 126 Colo. 180, 247 P.2d 678 (1952); *In Re Loretto Literary & Benevolent Institution v. Lakewood,* 32 Colo.App. 302, 513 P.2d 467 (1973). If petitioner satisfies the conditions necessary to be entitled to disconnection under the statute, it be-

comes the duty of the court to order the disconnection. *In Re Loretto Literary, supra.*

Here, there exists no factual dispute as to whether plaintiffs have satisfied the requirements of § 31–12–119, C.R.S. 1973 (1977 Repl.Vol. 12). And, we disagree with defendant's contention that the annexation "condition", that the Town would not be required to supply water, relieves defendant of its statutory obligation to provide plaintiffs with "the same municipal services on the same general terms and conditions as the rest of the municipality receives." *See Town of Greenwood Village v. Heckendorf, supra.* Therefore, the disconnection of Cloven Hoof Estates from the Town of Palmer Lake was mandatory.

Accordingly, we affirm the order of the court entering summary judgment for plaintiffs and disconnecting the subdivision from the Town.

In view of this conclusion we need not consider defendant's other assignments of error.

Judgment affirmed.

SMITH and KELLY, JJ., concur.